UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAJUAN KEY,

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants.

Case No. 1:26-cv-04236-FJS (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER

FOURTEEN (14) DAY DEADLINE

## I. BACKGROUND

Plaintiff Dajuan Key ("Plaintiff") is a federal prisoner proceeding *pro se* in this civil rights action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 8, 2026, the court issued prisoner new case documents and an order for Plaintiff to apply to proceed *in forma pauperis* or pay the filing fee for this action within thirty (30) days. (ECF Nos. 2, 3.) On June 26, 2026, the new case documents were returned as "Undeliverable, No longer at this institution." On July 6, 2026, the court's order regarding Plaintiff's *in forma pauperis* application was also returned as "Undeliverable, RTS, no longer at this institution."

Plaintiff did not file a notice of change of address or otherwise communicate with the court.

## II. DISCUSSION

Plaintiff is required to keep the court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Plaintiff's address change was due no later than July 27, 2026. Plaintiff failed to file a change of address or an application to proceed *in forma pauperis*, pay the filing fee for this action, or otherwise communicate with the court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met for a court to take action. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). (citation omitted).

Given Plaintiff's failure to respond to the court's order, the expeditious resolution of litigation and the court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. Plaintiff would likely proceed *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that

[1] Courts may dismiss actions *sua sponte* under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

Plaintiff has ceased litigating his case and updating his address. More importantly, given the court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to inform the court of his current address. *Id.* at 1228–29; *Carey*, 856 F.2d at 1441.

## III. ORDER AND RECOMMENDATION

Accordingly, the court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, the court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute and failure to comply with a court order. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **July 31, 2026**

UNITED STATES MAGISTRATE JUDGE